ORIGINAL

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

SEP 2 6 2006

LAWRENCE K. BAERMAN, Clerk
UTICA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*********************************

UNITED STATES OF AMERICA

v.

SANFORD MELTZER,

Defendant.

*********************************

Criminal Action No.
06-CR-316 (DNH)

PLEA AGREEMENT

GLENN T. SUDDABY, United States Attorney for the Northern District of New York (by Lisa M. Fletcher, appearing) and SANFORD MELTZER (with Craig Schlanger, Esq., appearing) hereby enter into the following Plea Agreement under Fed. R. Crim. P. 11(c)(1)(C) regarding the disposition of certain criminal charges against the defendant:

1.      In return for the consideration described below, SANFORD MELTZER agrees as follows:

        a.      The defendant will waive indictment and enter a plea of guilty to a one-count Information charging him knowingly possessing material that contains an image of child pornography that has been shipped or transported in interstate or foreign commerce, by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

        b.      The parties agree that the particular sentencing range specified below is the appropriate disposition of this case under Fed. R. Crim. P. 11(c)(1)(C).

    c.      The defendant consents to the entry of an order directing him/her to forfeit certain assets to the United States, pursuant to the Forfeiture Allegations in the one-count Information, as more fully set forth below.

    2.    **Potential Penalties.**  Although the parties have agreed to a particular sentencing range under Fed. R. Crim. P. 11(c)(1)(C), SANFORD MELTZER understands that the one count Information to which he is pleading guilty carries the following potential penalties:

    a.      <u>Maximum term of imprisonment</u>: 10 years.  (18 U.S.C. §2252A(b)(2)).

    b.      <u>Supervised Release</u>: In addition to imposing any other penalty, the sentencing Court may require the defendant to serve a term of supervised release of any number of years up to life, to begin at the expiration of any term of imprisonment imposed upon him. (18 U.S.C. §3583(k)) Should the defendant be placed on a term of supervised release and subsequently violate any of the terms and conditions of that release before the expiration of such term, he may be sentenced to up to 2 years imprisonment in addition to any prison term previously imposed upon him and in addition to the statutory maximum term of imprisonment set forth above.  Under some circumstances, the Court may also extend the term of supervised release, and it may modify, reduce, or enlarge the conditions of such release.

    c.      <u>Maximum fine</u>: $250,000.  (18 U.S.C. § 3571(b)(3)).

    d.      <u>Forfeiture</u>:  The sentence imposed by the Court will include an order of forfeiture, as more fully set forth below.

    e.      <u>Special Assessment</u>: The defendant will be required to pay an assessment of $100, which is due and payable at the time of sentencing. (18 U.S.C. § 3013) The defendant agrees

to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to the U.S. District Court at the time of his sentencing.

      f.    <u>Interest and penalties</u>:  Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the defendant's sentence, from as early as the date of sentencing.

      g.    <u>Collateral Consequences</u>:  Conviction of a felony may result in the loss of certain civil rights, including, but not limited to, the right to vote or the right to possess firearms.

    3.    **Forfeiture.**    The defendant hereby forfeits to the United States any interest in any personal property used or intended to be used to commit or to promote commission of the offenses charged in the Indictment pursuant to Title 18 U.S.C. § 2253(a), including, but not limited to, the following:

    1.  One (1) zip disk containing images of child pornography.

The defendant further agrees as follows:

    a.    The defendant consents to the entry of an order of forfeiture of the above property;

    b.    Forfeiture of defendant's assets will not satisfy all, or any portion of, a fine, restitution or other penalty that the Court may impose upon the defendant in addition to forfeiture;

    c.    The defendant agrees to cooperate with the United States by taking whatever steps are necessary to pass clear title to the United States of any forfeitable asset, including but not limited to surrendering title; completing any document or legal proceedings required to transfer assets to the United States; and taking necessary steps to ensure that assets subject to forfeiture are not sold, disbursed, expended, destroyed, damaged, hidden or otherwise made unavailable for forfeiture or removed beyond the jurisdiction of the Court;

d.     The defendant waives all rights to a jury trial on the forfeiture of assets.  The defendant waives all Constitutional, legal and equitable defenses to the forfeiture of assets, as provided by this Agreement, in any proceeding, including but not limited to any jeopardy defense or claim of double jeopardy or any claim or defense under the Eighth Amendment of the United States Constitution, including any claim of an excessive fine;

e.     The defendant represents and warrants that he has no direct or indirect interest in any property, real or personal, or other asset subject to forfeiture by virtue of this Plea Agreement, other than that listed in the Forfeiture Allegation of the Information;

f.      In the event the U.S. Attorney's Office determines that the defendant has breached any condition of this Agreement, the defendant agrees that none of the forfeited property shall be returned to him, nor shall he assert any claim to the forfeited property.  The defendant shall not reacquire any forfeited property, directly or indirectly, through family members, nominees, friends or associates.

4.     **Agreed-Upon Sentence.**  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Government and SANFORD MELTZER agree that the sentencing range of no less than 12 months of incarceration, and no more than 36 of months incarceration; a special assessment of $100; and a fine within the statutory maximum and the defendant's ability to pay, is the appropriate disposition of the case, and, if the Court accepts this Plea Agreement, are the only penalties to be imposed in this case, except that it shall be left to the Court's discretion to impose a term of supervised release which, by statute, may be any number of years up to life.

a.     The parties further agree that at the time of sentencing, each party may advocate where, within the 12 to 36 month range, the defendant's sentence of incarceration should

4

be imposed, and understand that the ultimate determination, within these parameters, will be made by the Court.

b.    SANFORD MELTZER understands that the sentence to be imposed in a federal criminal case is within the discretion of the sentencing Court, subject to the statutory maximum penalties and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by *United States v. Booker*, 543 U.S. 220 (2005).  In imposing the sentence, the Court must take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).  While the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors.

c.    The United States Attorney's Office and the defendant agree that, to the extent the agreed disposition in this Plea Agreement departs from the applicable Sentencing Guidelines range, that departure would be made for justifiable reasons under U.S.S.G. § 6B1.2(c)(2).  In particular, the specified sentence is reasonable and appropriate under the unique combination of facts and circumstances relating to SANFORD MELTZER, the offense of conviction, and related relevant conduct. The agreed-upon sentencing range takes into consideration, and holds the defendant accountable for his underlying criminal conduct of possessing sexually explicit photographs of children, while also accounting for the fact that the defendant is 74 years of age and in poor health, and that this is his first offense.  Accordingly, the parties concur that the 12 to 36 month sentencing range is fair and just under the facts and circumstances of this case, and will result in an appropriate disposition of the case.

d.      The Court is neither a party to, nor bound by this Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the U.S. Probation Office. If the Court is unwilling to impose the agreed disposition and rejects this Plea Agreement, the Court will afford the defendant an opportunity to withdraw his plea of guilty prior to sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

5.      **Elements of the Offense.**   SANFORD MELTZER understands that the legal elements of the offense stated in the one count Information, are as follows:

i.      First: That the defendant knowingly possessed child pornography; and

ii.     Second: That such child pornography was mailed or was shipped or transported in interstate commerce by any means including by computer.

b.      The defe ndant understands that "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where-- (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer- generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C. § 2256(8)).

6.      **Factual Basis for the Plea.**   SANFORD MELTZER admits the following facts, which establish his guilt on the offense stated in the one count Information:

6

a.      On or about March 10, 2006, as a part of an investigation into allegations [1] that defendant SANFORD MELTZER possessed images of child pornography, the Onondaga County Sheriff's Office executed a search warrant at MELTZER'S home.

b.      Pursuant to the warrant, the defendant's computer and removable media were seized from MELTZER'S home office area. Forensic examination of the seized items was performed by Onondaga County Sheriff's Detective Gerald Mancill. Detective Mancill's analysis of one of the Zip disks recovered from MELTZER's home revealed images of child pornography depicting very young pre-pubescent female children engaged in sexually explicit conduct. Also recovered on the same Zip disk is an approximately forty-nine second video of a young female child inserting an object into her vagina.

c.      Detective Mancill forwarded the recovered images to the National Center for Missing and Exploited Children (NCMEC) for comparison with NCMEC's Child Victim Identification Database which contains child victims of child pornography production who have been identified by law enforcement officers. The NCMEC report dated April 10, 2006, indicated that one of the images, "_ll-c2-191.jpg" is known to Immigration and Customs Special Agent Eric Pond.

d.      As a part of this investigation, SA Pond was contacted by FBI SA Emily Vacher regarding "_ll-c2-191.jpg." SA Pond told SA Vacher that the image was contained in the magazine "Lolita Color Special #11," which is an image produced at a time before computer technology was available to generate or "morph" images. This image is described as follows:

---

[1] Those allegations include statements from at least one witness who was shown images of child pornography by MELTZER on his office computer, and a statement of another witness who told authorities that MELTZER had paid him to wipe images of child pornography from his computers.

Two pre-pubescent white female children laying on a bed together naked.  One child is using her hands to spread apart the vagina of the other child in a lewd and lascivious manner.

7.      The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth above in paragraph 6, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceeding, even if he fails to enter a guilty plea pursuant to this Agreement, or if such a guilty plea is later vacated or withdrawn for any reason other than the Court's rejection of this Plea Agreement under Fed. R. Crim. P. 11(c)(5) & (d).  The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with this Agreement generally.

8.      In order to facilita te the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees fully to disclose all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.  The defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful.

9.      In exchange for the defendant's plea of guilty to the one count Information, and his continuing compliance with all of the terms of this Plea Agreement, the United States Attorney's Office for the Northern District of New York agrees as follows:

a.      It will bring no further federal criminal charges against the defendant relating to the conduct, committed before the date of this Agreement, which is described in the one count Information and the defendant's admissions in paragraph 6, above.

8

b.      If the guilty plea to the one count Information is later withdrawn or vacated, any charges not prosecuted pursuant to subparagraphs 9a of this Agreement may be prosecuted, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the prosecution of any such charges.  The defendant waives any defense or objection to the prosecution of any such charges that are not time-barred by the applicable statute of limitations as of the date of this Agreement.

c.      The U.S. Attorney's Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within the one count Information.

10.     Should the U.S. Attorney's Office determine that the defendant, after the date of this Plea Agreement, (i) has committed any further crime or violated any condition of release or supervision imposed by the Court (whether or not charged); or (ii) has otherwise breached any condition of this Agreement, the U.S. Attorney's Office will have the right, in its sole discretion, to void this Agreement, in whole or in part.  In the event of any such breach, the defendant will thereafter be subject to prosecution for any federal criminal violation of which the U.S. Attorney's Office has knowledge, including but not limited to charges that this Office has agreed not to prosecute in subparagraph 9a of this Agreement.

a.      The defendant waives any defense or objection to the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date of this Agreement, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of any such prosecution.

11.     This Agreement is limited to the U.S. Attorney's Office for the Northern District of New York and cannot bind other federal, state or local prosecuting authorities.  Furthermore, this Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability or proceedings relating to the forfeiture of assets.

12.     The defendant acknowledges that he has read each of the provisions of the entire Plea Agreement with the assistance of counsel and understands its provisions.

a.     The defendant understands his right to assistance of counsel at every stage of the proceeding and has discussed his constitutional and other rights with defense counsel.  The defendant understands that by entering a plea of guilty, he will be giving up his rights (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present evidence in his/her defense; and (vi) to remain silent and refuse to be a witness against him/herself by asserting the privilege against self-incrimination.

b.     The defendant has been advised by defense counsel of the nature of the charges to which he is entering a guilty plea and the nature and agreed-upon sentencing range as explained further in paragraph 4 above.

13.     **Waiver of Appeal and Collateral Attack.**  The defendant acknowledges that, after consultation with defense counsel, he fully understands the extent of his rights to appeal, and/or to collaterally attack the conviction and sentence in this case, including by a challenge based upon *United States v. Booker*, 543 U.S. 220 (2005) and its progeny.  The defendant waives any and all

rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence incorporating the agreed disposition specified in paragraph 4, above, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed.

14.    No promises, agreements or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless memorialized in writing and signed by all parties.  This Agreement, to become effective, must be signed by all of the parties listed below.

GLENN T. SUDDABY
United States Attorney
Northern District of New York

Dated: _Sept. 21_ , 2006        By: _____

Lisa M. Fletcher
Assistant U.S. Attorney
Bar Roll No. 510187

Dated: _9/18_ , 2006

_____
SANFORD MELTZER
Defendant

Dated: _9/18_ , 2006

_____
Craig P. Schlanger, Esq.
Attorney for Defendant
Bar Roll No. _102544_